IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA PORTER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 10-7243 |
| T.D. BANK, N.A. *et al.*, | : |
| Defendants. | : |

**MEMORANDUM**

YOHN, J.                                                                                                                               March 14, 2011

      Plaintiff, Debra Porter, seeks to have the court declare that her mortgage on certain real property located in Philadelphia (the "Property") is of higher priority than another mortgage on the Property that has been foreclosed upon by T.D. Bank, N.A. (the "Bank"). There has been extensive litigation in Pennsylvania state court arising from failed efforts to develop the Property through a joint venture, Porterra, LLC ("Porterra"). (*See* 1st Am. Compl. ¶¶ 23-65.) Gene D. Cohen, who served as court-appointed receiver for Porterra in the state-court litigation, intervened in this action by stipulation of the parties because the fees and costs he incurred serving as receiver for Porterra are secured by the Bank's mortgage over which plaintiff seeks priority. (*See* Gene Cohen's Mem. of Law in Supp. of Mot. to Dismiss 1; Stipulation as to Intervention ¶ 1.) Cohen has moved to dismiss plaintiff's claims. Plaintiff's husband, James E. Porter, now seeks to intervene in this action *pro se*, to protect an alleged billboard easement on

the Property.[1] For the following reasons, Mr. Porter's motion to intervene will be denied.

The Federal Rules of Civil Procedure set forth the requirements for allowing a party to intervene in an existing action. Mr. Porter relies on Rule 24(a)(2), which permits intervention if

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). To intervene as a matter of right under Rule 24(a)(2), the prospective intervenor must establish that "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987).

With respect to the first element, no party has questioned whether intervention is timely. Moreover, the case has been pending only since December 2010, no dispositive motions have been ruled on, and a scheduling conference has yet to take place. Thus, no timeliness issue is apparent. With respect to the fourth element, no party has asserted that the existing parties may

---

[1] Mr. Porter also claims that Cohen "used his power and influence" to "manipulate and obstruct justice" in the state-court litigation, and expresses his desire to "[go] into detail [about] the corruption within the Philadelphia Court System . . . ." (James Porter's Mem. of Law in Support of Mot. to Intervene 1 (this submission was not paginated, and the citation is to the assumed correct page number).) His unsubstantiated and generalized allegations to this effect do not support his motion to intervene, because this is not a forum to relitigate unsatisfactory state-court proceedings. *See*, *e.g.*, *Skinner v. Switzer*, No. 09-9000, 2011 U.S. LEXIS 1905, at *21 (U.S. Mar. 7, 2011) ("As the [Supreme] Court explained in *Feldman*, and reiterated in *Exxon*, a state-court decision is not reviewable by lower federal courts . . . ." (citations omitted)); *Swineford v. Snyder County*, 15 F.3d 1258, 1266 (3d Cir. 1994) ("Federal courts must give a state court judgment the same preclusive effect as would the courts of that state." (citing 28 U.S.C. § 1738)).

adequately represent Mr. Porter's interest in the litigation. Inadequacy of representation is sufficiently demonstrated "if the applicant shows that representation of his interest *may be* inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (emphasis added) (internal quotation marks omitted). As plaintiff has not asserted any claim with respect to an easement, I conclude this element is satisfied as well.

The primary issues under Rule 24(a)(2), therefore, are whether Mr. Porter has a "sufficient interest in the litigation," and whether "the interest may be affected or impaired . . . by the disposition of the action . . . ." *Harris*, 820 F.2d at 596. Cohen argues, in opposing Mr. Porter's motion to intervene, that Mr. Porter has no interest in the action because the easement in question was in plaintiff's name and was extinguished by court order in the state-court proceedings. (*See* Gene Cohen's Mem. of Law in Opp'n to James Porter's Mot. to Intervene 1.) Mr. Porter appears to argue that his easement was not represented by the deed of easement stricken by that court order, and exists independently thereof. (*See* Movant's Mem. of Law in Resp. to Gene Cohen's Opp'n to James Porter's Mot. to Intervene 4.) In deciding a motion to intervene, I accept the movant's well-pleaded, non-conclusory allegations as true. *See Olympic Sports Data Servs. v. Maselli*, No. 07-0117, 2008 U.S. Dist. LEXIS 103546, at *5 (E.D. Pa. Dec. 22, 2008) (citing *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819-20 (9th Cir. 2001)). Taking as true Mr. Porter's claim of an easement in the Property, however, it remains unclear how that easement constitutes an "interest relating to the property or transaction which is the subject of the action," Fed. R. Civ. P. 24(a)(2), since the subject of this action is the priority of Mrs. Porter's and the Bank's mortgages, not the Property itself. Mr. Porter also does not

3

explain—nor is it otherwise apparent—how his interest might be impaired or impeded by this action's outcome, given that plaintiff seeks only a declaration of the relative priority of her mortgage and the Bank's mortgage, not a resolution of all claims to the Property.

Finally, even if Mr. Porter had satisfied the requirements of Rule 24(a)(2), all motions to intervene under Rule 24 "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Mr. Porter's motion is not accompanied by any such pleading, nor does the motion itself set forth with any specificity the nature of the claims or defenses that he wishes to assert, or against whom he would assert them.[2] Motions to intervene have been granted by courts within the Third Circuit despite the movant's failure to adhere precisely to the requirements of Rule 24(c), where the purpose of intervening was sufficiently clear. *See*, *e.g.*, *United States ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 410-412 (W.D. Pa. 2006) (allowing motion to intervene despite lack of an attached pleading, where motion to intervene was accompanied by a motion to compel and stay, and the purpose of intervention was clear). The requirements of Rule 24(c) are not, however, mere suggestions. *See* 6 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 24.20 (3d ed. 2010) ("[A] district court will be unable to evaluate a motion to intervene, and the existing parties will be unable to make a meaningful response to the motion, unless they know exactly what claims or defenses the movant proposes to bring to the lawsuit. A proposed pleading is, therefore, an essential part of the motion."); *see also*, *e.g.*, *Sch. Dist. v. Pennsylvania Milk Mktg. Bd.*, 160 F.R.D. 66, 67 (E.D. Pa. 1995) (denying

---

[2] In his motion to intervene, Mr. Porter requests permission to respond both to plaintiff's amended complaint, and Cohen's motion to dismiss. It is unclear if Mr. Porter sees himself as a potential co-plaintiff, co-defendant, or both.

motion to intervene for failure to attach a pleading in compliance with Rule 24(c)).

I will deny Mr. Porter's motion to intervene because he has not claimed an interest that may be impaired or impeded by the outcome of this litigation. Even if he had, I would deny his motion to intervene because he has not made sufficiently clear how he intends to protect that interest through these proceedings. I will also deny his accompanying motion to register as an Electronic Case Filing user. An appropriate order follows.