IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA PORTER, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 10-7243 |
| T.D. BANK, N.A., *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

YOHN, J.                                                                                                February 13, 2012

      Plaintiff, Debra Porter, brought this declaratory-judgment action against defendant, T.D. Bank, N.A. ("T.D. Bank"), seeking a judicial declaration that her mortgage on certain real property located at 1039-55 Frankford Avenue, Philadelphia, Pennsylvania (the "Property") is of higher priority than another mortgage on the Property that has been foreclosed upon by T.D. Bank in Pennsylvania state court. On December 30, 2010, plaintiff filed a lis pendens against the Property in this federal action, prior to the sheriff's sale of the Property on January 4, 2011.[1] Pardes Group, Inc. ("Pardes"), the purchaser of the Property at the sheriff's sale, intervened in this action and moves to strike the lis pendens. For the reasons that follow, I will grant Pardes's motion.

---

[1] There has been extensive litigation in Pennsylvania state court arising from failed efforts to develop the Property. (*See* 1st Am. Compl. ¶¶ 23-65.) Plaintiff filed a lis pendens in Pennsylvania state court before the sheriffs's sale. The state-court lis pendens was struck by the Court of Common Pleas by order dated May 6, 2011. *See* Docket Sheet, *Commerce Bank, N.A. v. Porterra, LLC*, No. 070203257 (Pa. Ct. C.P. Phila. Cnty.), *available at* http://fjdefile.phila.gov/dockets/zk_fjd_public_qry_03.zp_dktrpt_frames?case_id=070203257.

In the Eastern District of Pennsylvania, a party may file a written order pursuant to Local Rule of Civil Procedure 4.1.1 directing the Clerk to index an action as lis pendens when "any proceeding involving title to real property" is commenced. The parties assume that Pennsylvania law should inform my consideration of the motion currently before me. As the Property subject to the federal lis pendens is situated in Pennsylvania, I agree with that assumption. *Accord Ross v. Canada Life Assurance Co.*, No. 94-5557, 1995 U.S. Dist. LEXIS 18623, at *4-5 (E.D. Pa. Dec. 14, 1995) (collecting cases that hold that state law governs the creation and cancellation of a lis pendens).

The Supreme Court of Pennsylvania has defined a lis pendens as "the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment thereon." *U.S. Nat'l Bank v. Johnson*, 487 A.2d 809, 812 (Pa. 1985). "Strictly speaking, the effect of a lis pendens is not to establish actual liens upon the properties affected. . . . [A]ll that it does is to give notice to third persons that any interest they may acquire in the properties pending the litigation will be subject to the result of the action." *Dice v. Bender*, 117 A.2d 725, 726-27 (Pa. 1955). According to the court, although statutory regulations prescribe requirements affecting the indexing of a lis pendens, the doctrine of lis pendens is a "creature not of statute but of common law and equity jurisprudence" and thus "is wholly subject to equitable principles." *Id*. A court may strike a lis pendens during litigation if the balance of equities favors cancellation. *See, e.g.*, *McCahill v. Roberts*, 219 A.2d 306, 309 (Pa. 1966). "An order lifting a lis pendens during the course of an equity action fixes neither rights, duties, nor liabilities between the parties, puts no one out of court, and does not terminate the

underlying litigation by prohibiting parties from proceeding with the action." *U.S. Nat'l Bank*, 487 A.2d at 812.

Pennsylvania state courts and courts of the Eastern District of Pennsylvania routinely strike a lis pendens where title to the property at issue cannot be affected by the pending litigation. *See, e.g.*, *Ross*, 1995 U.S. Dist. LEXIS 18623 (striking a lis pendens in a suit concerning the renegotiation of a mortgage agreement); *Short v. Weinrebe*, No. 87-5057, 1988 U.S. Dist. LEXIS 1263, at *2 (E.D. Pa. Feb. 16, 1988) (lifting a lis pendens because the action did not involve "a determination of the rights associated with that specific property"); *McCahill*, 219 A.2d at 309 (affirming the cancellation of a lis pendens in an action seeking the cash value of the real property in dispute); *Century 21 Daystar, Inc. v. Phillips*, 5 Pa. D. & C.4th 543 (Pa. C.P. Ct. 1990) (striking a lis pendens in an action by a real-estate broker seeking commission on a sale of real estate). This is because the doctrine of lis pendens "has no application except in cases involving the adjudication of rights in specific property . . . [and] a party is not entitled to have his case indexed as lis pendens unless title to real estate is involved in litigation." *Century 21 Daystar*, 5 Pa. D. & C.4th at 543-44 (internal citations omitted). Thus, if specific performance is not an available remedy, courts will generally not allow a lis pendens to stand. *See Ross*, 1995 U.S. Dist. LEXIS 18623, at *5-6 (collecting cases that strike a lis pendens because the complaining party failed to demonstrate that damages were an insufficient remedy). The party seeking specific performance has the burden of demonstrating that money damages are inadequate and that specific performance is an available remedy. *Id*. at *6.

Plaintiff has failed to carry this burden. While plaintiff alleges in her amended complaint that she "lacks an adequate remedy at law," she does *not* seek the remedy of specific

performance. Rather, as I have previously noted, "plaintiff seeks only a declaration of the relative priority of her mortgage and the Bank's mortgage, not a resolution of all claims to the Property . . . [thus] the subject of this action is the priority of [plaintiff's] and the Bank's mortgages, not the Property itself." *Porter v. T.D. Bank, N.A.*, No. 10-7243, 2011 U.S. Dist. LEXIS 25225, at *5-6 (E.D. Pa. Mar. 14, 2011). Plaintiff does not allege what type of specific performance she might seek. Even if plaintiff did seek specific performance of some sort, she has failed to demonstrate that such a remedy is available to her. The Property has already been sold at sheriff's sale by order of a Pennsylvania state court despite the vigorous efforts of plaintiff and her husband to the stop the sale. *See* Docket Sheet, *Commerce Bank, N.A. v. Porterra, LLC*, No. 070203257 (Pa. Ct. C.P. Phila. Cnty.), *available at* http://fjdefile.phila.gov/ockets/zk_fjd_public _qry_03.zp_dktrpt_frames?case_id=070203257. While plaintiff has appealed that order in state court, *see* Docket Sheet, *Commerce Bank, N.A. v. Porterra, LLC*, No. 713 EDA 2011 (Pa. Super. Ct.), *available at* http://ujsportal.pacourts.us/docketsheets/SuperiorCourtReport.aspx?docket Number= 713 EDA 2011, she does not suggest that I have the power to vacate the sale. As plaintiff has failed to show that specific performance is an available or appropriate remedy in this action, I will strike the lis pendens.

      Additionally, I conclude that the lis pendens must be struck for failure to comply with the local rules of court. Local Rule 4.1.1 mandates that an order directing the Clerk to index an action as lis pendens "shall designate the persons against whom said proceeding is to be indexed." Plaintiff admits that the federal lis pendens does not comply with this mandate. (Sur Reply in Further Supp. of Pl.'s Resp. in Opp'n to Mot. to Strike Lis Pendens 4.) Instead, plaintiff suggests in a single-sentence footnote in her sur-reply that she be allowed to substitute a

conforming lis pendens for the flawed one she already indexed. To allow the local rules to be circumvented in such a way at this late date would undermine their purpose. As the Third Circuit has observed, "local rules play a vital role in the district courts' efforts to manage themselves and their dockets." *Smith v. Oelenschlager*, 845 F.2d 1182, 1184 (3d Cir. 1988) (internal quotations omitted). Thus the district courts are empowered to enforce strict compliance with the local rules even where a harsh consequence results. *United States v. Eleven Vehicles*, 200 F.3d 203, 214 (3d Cir. 2000). While a district court may waive the requirement of a local rule where "(1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment," I have no such sound rationale given my conclusion that even a strictly conforming lis pendens is inappropriate in this action. *Id*. at 215.

      I will therefore grant Pardes's motion to strike the lis pendens.[2] An appropriate order follows.

---

[2] Pardes argues that plaintiff's interest in the Property was divested by the mortgage foreclosure sale and that she is prevented from acquiring any interest in the res of the Property by delivery of the Sheriff's deed. (Mot. to Strike Lis Pendens ¶¶ 17-19, 24.) Plaintiff contends that Pardes's argument assumes that her mortgage is subordinate to the mortgage foreclosed upon by T.D. Bank—an assumption that she vehemently opposes and is the ultimate issue in this litigation. (Mem. of Law in Supp. of Pl.'s Resp. in Opp'n to Intervenor Pardes Group, Inc.'s Mot. to Strike Lis Pendens 9.) Because I conclude that the lis pendens must be struck for failure to comply with local rules and because title to the Property is not at issue here, I need not address Pardes's additional contentions and take no position concerning the effect of the sheriff's sale and subsequent deed in the event that the ultimate outcome of this litigation grants plaintiff's mortgage priority over T.D. Bank's.